UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE<br><br>Plaintiff(s),<br><br>v.<br><br>USCIS, et al.<br><br>Defendant(s). | CASE NO:<br>8:24–cv–02747–DOC–JDE<br><br>**INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER** |

This case has been assigned to the calendar of Judge David O. Carter. Whenever a new civil case is assigned to Judge Carter, the Court issues this Initial Standing Order. It lays out some of the Judge's rules and expectations that litigants should be familiar with from the beginning of their case. In addition to this Initial Standing Order, litigants are required to follow the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[1]

The Court ORDERS as follows:

---

[1]The most recent version of the Local Rules is available on the Central District of California's website (www.cacd.uscourts.gov), under "Court Procedures."

## I. Court Appearances

The parties must appear in person for hearings and conferences before the Court. The Court does not permit telephonic appearances.

Unless a party is representing him or herself, parties shall be represented by **lead counsel** at all court appearances, including scheduling conferences.

Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at a court appearance unless their appearance has been waived by prior order of the Court. Even if a settlement has been reached, counsel for all parties, or the party if appearing *pro se*, must appear at court appearances until a stipulation of dismissal signed by all parties has been lodged with the Court.

## II. Scheduling

Pursuant to Rule 16(b), the Court will set a scheduling conference and issue a scheduling order in each case. Litigants should familiarize themselves with the Court's standard Order Setting Scheduling Conference and the Court's standard Scheduling Order & Order re: Pretrial and Trial Procedures, which describe the typical schedule and procedures used in this Court.[2]

The Court is flexible in setting initial dates. Therefore, Parties should meet and confer to select mutually agreeable dates. The Court strongly encourages Parties to stipulate to the initial schedule, and endeavor to accommodate counsel's previously scheduled dates that produce good faith calendar conflicts. Counsel are encouraged to reference the Central District's Civility and Professionalism Guidelines, which can be found on the Court's website.

## III. Continuances and Extensions of Deadlines

This Court has a strong interest in adhering to scheduled dates. Changes in dates are disfavored. Trial dates set by the Court are firm and will rarely be changed, except that the Court may advance the trial date up to two weeks.

---

[2]All of Judge Carter's standing orders are available at Judge Carter's home page located under "Judges' Procedures and Schedules."

Therefore, any request, whether by application or stipulation, to continue the date of any matter before this Court must be supported by a detailed explanation of the grounds for the requested continuance or extension of time. Without compelling factual support, requests to continue dates set by this Court will not be approved. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders.

## IV.    Motions

Counsel should note the timing and service requirements of Local Rules 6 and 7 and its subparts including:

(1)  Rule 6–1: Notice of motion and the moving papers must be filed and served twenty–eight (28) days before the noticed hearing date, unless the notice is served by mail, in which case service is required thirty–one (31) days prior to the noticed hearing date;

(2)  Rule 7–9: Opposing papers shall be filed twenty–one (21) calendar days before the hearing date; and

(3)  Rule 7–10: Reply papers, if any, shall be filed fourteen (14) calendar days before the hearing date.

(4)  Rule 7–11: If the hearing date is continued, the deadlines for filing opposing and reply papers are automatically extended unless the Court orders otherwise.

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

Parties should note, the Court will only entertain one Motion for Summary Judgment from each party, typically after discovery is closed.

## V.    Ex Parte Applications

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. F. Supp. 488 (C.D. Cal. 1995). In this Court's experience, ex parte applications

"are nearly always improper." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192–93 (C.D. Cal. 1989). The Federal Rules of Civil Procedure and Local Rules "contemplate that regular noticed motions are most likely to produce a just result." *Mission Power*, 883 F. Supp. at 491.

Ex parte applications that fail to conform to Local Rule 7–19 and 7–19.1, including a statement of opposing counsel's position, will not be considered except on a specific showing of good cause. Concurrently with service of the ex parte papers by electronic service, facsimile, or personal service, the moving party shall notify the opposition that opposing papers must be filed no later than twenty–four (24) hours following service. If opposing counsel does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible.

## VI.    Jury Demand

Litigants who are entitled to a jury trial and who wish to have a jury trial are reminded to file and serve a jury demand in accordance with Federal Rule of Civil Procedure 38.

## VII.    Applications to File Documents Under Seal

There is a strong presumption that the public has a right of access to records in civil cases. For non–dispositive motions, the party seeking to maintain the confidentiality of the document(s) or portions thereof must show good cause. For dispositive motions, the party seeking protection must articulate compelling reasons for maintaining the confidentiality of the document(s) and must seek relief that is narrowly tailored to the protected interest. See *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). No document will be filed under seal in its entirety unless it is shown in the application that it is not feasible to file a redacted version for public viewing. Any proposed redactions must be highlighted in the under seal version of the document so that the Court may readily determine what information the party or parties seek to maintain as confidential.

In accordance with Local Rule 79−5.1, absent authorization by rule or statute, no case or document(s) may be filed under seal without written application to, and prior approval by, the Court. The existence of a Protective Order, a Stipulated Confidentiality Order, or the like, issued by the assigned Magistrate Judge relating to the treatment of documents produced during discovery, does not constitute a court Order permitting an under seal filing. An application to seal that is based solely on the existence of such an Order will be summarily denied. In addition, reliance upon the parties' designation of documents as "Confidential," "Highly Confidential," "Attorneys' Eyes Only," etc. is insufficient. Rather, the party must provide competent evidence explaining why the document(s) should be filed under seal.

If the party seeking to file documents under seal (the "filing party") is not the party with an interest in the sealing/confidentiality of the documents, then the filing party shall provide the interested party with its proposed application to seal at least two (2) business days in advance of any filing. If the interested party seeks to have the documents filed under seal, it shall file a Declaration setting forth competent evidence explaining why the document(s) should be filed under seal. If the interested party fails to file a Declaration within this two−day period, the filing party is relieved of any obligation to file an application to seal and may publicly file the documents along with a Declaration of Compliance with this paragraph.

**VIII.    Settlement**

If settlement is reached at any time in this litigation, the parties shall immediately notify the Court by telephone, email, or by filing a notice of settlement. Local Rule 40−2.

**IX.    Communication with the Court**

All appropriate inquiries should be directed to Judge Carter's Courtroom Deputy Clerk at (714) 338−4543 or DOC_Chambers@cacd.uscourts.gov.

Counsel should not attempt to contact chambers directly. Counsel should list their email addresses and phone numbers on their papers in order to facilitate communication by the Courtroom Deputy Clerk.

**X.    Notice of this Order**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Notice of Removal, the removing defendant(s) shall serve this Order on all other parties.

**IT IS SO ORDERED.**

Dated: December 26, 2024

David O. Carter
United States District Judge

Revised: January 20, 2015

–6–